UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REAL WORLD MEDIA, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>THE DAILY CALLER, INC.;<br>DOES 1-20,<br><br>        Defendants. | Civil Action No. 1-23-cv-01654-JDB |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANT'S EVIDENCE SUBMITTED FOR THE FIRST TIME WITH REPLY**

Plaintiff Real World Media, LLC ("RWM") respectfully objects to the following evidence submitted by Defendant The Daily Caller, Inc. ("Daily Caller") in support of its Reply to Plaintiff's Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss (Dkt. 22) (the "Reply"):

- The Declaration of Sean Moody and Exhibits 1–16 thereto. Dkt. Nos. 21, 22-1–16.
- The Declaration of Rachel Fertig and Exhibits 1–10 thereto. Dkt. Nos. 20, 22-17–27.

RWM likewise objects to, and requests that the Court disregard, any portions of Defendant's Reply brief that rely on those materials.

With the Reply, Daily Caller improperly introduced voluminous new evidence not included with its opening motion. Specifically, Daily Caller submitted the Declaration of Sean Moody, with 16 exhibits attached thereto, and the Declaration of Rachel Fertig, with 10 exhibits attached thereto. The audiovisual files attached to the Declaration of Rachel Fertig alone comprise over *65 gigabytes* of data. The audiovisual files attached to the Declaration of Sean Moody comprise over 16 gigabytes of data.[1]

The law is well-settled that it is inappropriate to submit new factual materials with reply briefs. Facts "raised for the first time in" reply "come[] too late." *Payne v Giant Food, Inc.*, 346 F. Supp. 2d 15, 20 n.4 (D.D.C. 2004) (Huvelle, J.) (citing *U.S. v. Wilson*, 240 F.3d 39, 45 (D.C. Cir. 2001)); *David v. District of Columbia*, 436 F. Supp. 2d 83, 90 (D.D.C. 2006) (Roberts, J.) (deeming argument raised for first time on reply waived).[2]

---

[1] This is on top of the 45 exhibits totaling nearly 350 pages that Daily Caller submitted in support of its Rule 12(b)(6) motion.

[2] *Accord Gold v. Wolpert*, 876 F.2d 1327, 1332 n.6 (7th Cir. 1989) ("It is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.") (internal citation omitted); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (district court did not err by refusing to consider arguments raised for first time in reply); *Sweet v. Pfizer*, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005) ("The Court will not consider the Declaration of Dr. Fong, as the moving party in a motion cannot submit new information as part of its Reply."); *Contratto v. Ethicon*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (granting motion to strike new evidence submitted with reply because "Defendants' attempt to introduce new evidence in connection with their reply papers is improper").

Here, Daily Caller improperly relies on the untimely Fertig and Moody Declarations and the exhibits thereto to expand arguments well beyond the bounds of those arguments as they were articulated in Daily Caller's moving papers, based on the contents of the untimely exhibits. *Compare* Rule 12(b)(6) Mot. at 22–24 (Dkt. No. 24) *with* Reply at 16–19.  Under the authorities cited above, that is improper.  Daily Caller claims that it could only submit this evidence on reply because RWM had not previously identified the allegedly infringing works.  Reply at 2.  But Daily's Caller's claim is both legally irrelevant under the governing law and also demonstrably false as a factual matter.  RWM's Opposition to Daily Caller's Rule 12(b)(6) motion detailed numerous reasons why Daily Caller has long known which of its works infringed RWM's copyrights, including:

- All but one of Daily Caller's infringing videos contain a visible "Real World Police" watermark in some portion of the infringing videos themselves.
- Some of Daily Caller's infringing videos also contain closing credits listing RWM's YouTube channel "Real World Police" as the source of its footage.
- In other instances, Daily Caller received and responded to DMCA takedown notices regarding its infringing videos.

*See* Opp. to Rule 12(b)(6) Mot. at 6, 31–32, Appendix 1 (Dkt. No. 18).

RWM respectfully requests that the Court disregard Daily Caller's improperly submitted evidence and any portion of the Reply that relies on it.

DATED:  December 7, 2023,              _____/s/ Kevin L. Vick_____

         KEVIN L. VICK (admitted *pro hac vice*)
           kvick@jassyvick.com
         JEAN-PAUL JASSY (admitted *pro hac vice*)
           jpjassy@jassyvick.com
         JORDYN OSTROFF (admitted *pro hac vice*)
           jostroff@jassyvick.com
         **JASSY VICK CAROLAN LLP**
         355 South Grand Avenue, Suite 2450
         Los Angeles, California 90071
         Telephone:     (310) 870-7048
         Facsimile:      (310) 870-7010

Danielle D. Giroux (D.C. Bar No. 470009)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia  22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com

Attorneys for Plaintiff
REAL WORLD MEDIA, LLC