UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REAL WORLD MEDIA LLC,<br><br>      Plaintiff,<br><br>v.<br><br>THE DAILY CALLER, INC.;<br>DOES 1-20,<br><br>      Defendants. | Civil Action No. 1-23-cv-01654 (JDB) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

## BY DEFENDANT THE DAILY CALLER, INC.

Defendant The Daily Caller, Inc. ("Defendant" or "Daily Caller"), by and through its undersigned counsel, submits the following answer and affirmative defenses (the "Answer") to the Complaint of Plaintiff Real World Media LLC ("Plaintiff" or "RWM"), and responds to the allegations set forth in the Complaint as follows:

### INTRODUCTION

1. The allegations in Paragraph 1 of the Complaint contain legal conclusions and/or statements of law to which no response is required. To the extent a further response is required, Daily Caller admits that the Copyright Act generally grants certain authors rights to reproduce, distribute, publicly perform, display, and create certain derivative works and that these rights are grounded in the Constitution, but Daily Caller denies that Plaintiff has any such rights here. Daily Caller lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on that basis, denies the remaining allegations in Paragraph 1 of the Complaint.

1

2. Daily Caller admits that it was founded by Tucker Carlson and Neil Patel, and that Daily Caller publishes articles and essays, but otherwise denies the remaining allegations in Paragraph 2 of the Complaint.

3. Daily Caller denies the allegations in Paragraph 3 of the Complaint.

4. Daily Caller denies the allegations in Paragraph 4 of the Complaint.

## JURISDICTION

5. The allegations in Paragraph 5 of the Complaint contain legal conclusions and/or statements of law to which no response is required. To the extent a further response is required, Daily Caller admits that Plaintiff asserts claims for copyright infringement and violation of the Digital Millenium Copyright Act in this action but denies that there is any basis for Plaintiff's claims. Daily Caller admits that this Court presently has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) but denies that there is any basis for Plaintiff's claims.

6. Daily Caller admits that this Court presently has personal jurisdiction over it for the purposes of this action but otherwise denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Daily Caller admits the allegations in Paragraph 7 of the Complaint.

8. Daily Caller lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and, on that basis, denies the allegations in Paragraph 8 of the Complaint.

9. Daily Caller admits that it is a media company headquartered in Washington, D.C., but otherwise denies the remaining allegations in Paragraph 9 of the Complaint.

10. Daily Caller denies the allegations in Paragraph 10 of the Complaint.

11. Daily Caller denies the allegations in Paragraph 11 of the Complaint.

**GENERAL ALLEGATIONS**

12. Daily Caller lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies the allegations in Paragraph 12 of the Complaint.

13. Daily Caller lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies the allegations in Paragraph 13 of the Complaint.

14. Daily Caller admits that RWM has submitted to the U.S. Copyright Office copyright registration applications for the videos at issue, but Daily Caller denies that such copyrights are valid and otherwise denies the remaining allegations in Paragraph 14 of the Complaint.

15. Daily Caller admits the allegations in Paragraph 15 of the Complaint.

16. Daily Caller denies the allegations in Paragraph 16 of the Complaint.

17. Daily Caller denies the allegations in Paragraph 17 of the Complaint.

18. Daily Caller admits that it posted a portion of a video RWM refers to as "Florida Woman Arrested for Wrong Way Drunk Driving" to Daily Caller's YouTube channel and Facebook page, but Daily Caller otherwise denies the remaining allegations in Paragraph 18 of the Complaint.

19. Daily Caller denies that it has infringed on any of RWM's purportedly copyrighted works and, as to the remaining allegations in Paragraph 19, Daily Caller lacks knowledge or information sufficient to form a belief about the truth of those allegations and, on that basis, denies the same.

20. Daily Caller denies the allegations in Paragraph 20 of the Complaint.

21. Daily Caller admits that it challenged RWM's YouTube takedown notices and that Daily Caller is a news organization founded by Tucker Carlson and Neil Patel. Daily Caller also admits that its website's Terms of Use includes a section addressing "Ownership of Content and Intellectual Property," which provides that users may not "exploit, in whole or in part, any of the Content or software contained on, or comprising, the Website without seeking prior written permission from THE DC." Daily Caller also admits that The DC Shorts YouTube channel features advertising and has attracted hundreds of millions of views. Daily Caller denies the remaining allegations in Paragraph 21 of the Complaint.

22. Daily Caller denies the allegations in Paragraph 22 of the Complaint.

## COUNT 1

### (Direct Copyright Infringement – 17 U.S.C. §§ 106, *et seq.*)

23. Daily Caller hereby incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

24. Daily Caller denies the allegations in Paragraph 24 of the Complaint.

25. Daily Caller denies the allegations in Paragraph 25 of the Complaint.

26. Daily Caller denies the allegations in Paragraph 26 of the Complaint.

27. Daily Caller denies the allegations in Paragraph 27 of the Complaint.

28. Daily Caller denies the allegations in Paragraph 28 of the Complaint.

29. Daily Caller denies the allegations in Paragraph 29 of the Complaint.

30. Daily Caller denies the allegations in Paragraph 30 of the Complaint.

31. Daily Caller denies the allegations in Paragraph 31 of the Complaint.

32. Daily Caller denies the allegations in Paragraph 32 of the Complaint.

## COUNT 2

### (Violation of the Digital Millenium Copyright Act – 17 U.S.C. § 1202)

33. Daily Caller hereby incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

34. Daily Caller denies the allegations in Paragraph 34 of the Complaint.

35. Daily Caller denies the allegations in Paragraph 35 of the Complaint.

36. Daily Caller denies the allegations in Paragraph 36 of the Complaint.

37. Daily Caller denies the allegations in Paragraph 37 of the Complaint.

38. Daily Caller admits that it did not contact RWM for permission to remove or alter CMI from the Works, but Daily Caller denies that it had any legal obligation to do so.

39. Daily Caller denies the allegations in Paragraph 39 of the Complaint.

40. Daily Caller denies the allegations in Paragraph 40 of the Complaint.

41. Daily Caller denies the allegations in Paragraph 41 of the Complaint.

42. Daily Caller denies the allegations in Paragraph 42 of the Complaint.

43. Daily Caller denies the allegations in Paragraph 43 of the Complaint.

## PRAYER FOR RELIEF

Daily Caller denies that RWM is entitled to any relief, including, but not limited to, the relief sought in Paragraphs A-E of the Prayer for Relief section of the Complaint.

## AFFIRMATIVE DEFENSES

Pleading further, and without waiving the above Answer, Daily Caller asserts that RWM's claims are barred, in whole or in part, based on one or more of the following defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

RWM's claims, in whole or in part, fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Fair Use)**

RWM's claims are barred, in whole or in part, because Daily Caller's alleged use of RWM's publications is a fair use pursuant to Section 107 of the Copyright Act.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Copyright Protection)**

RWM's claims are barred, in whole or in part, because RWM asserts copyright protection in elements of its publications that are not subject to copyright protection, including, without limitation, because the publications lack original authorship and/or are subject to other limits on the scope of copyright protection.

**FOURTH AFFIRMATIVE DEFENSE**
**(Misuse of Copyright)**

RWM's claims are barred, in whole or in part, because RWM has misused its purported copyrights by illegally or improperly extending its limited monopoly (if any) beyond the scope of the copyright (if any) and/or by engaging in other anti-competitive conduct including, without limitation, the violation of antitrust laws.

**FIFTH AFFIRMATIVE DEFENSE**
**(Fraud on the Copyright Office)**

RWM's claims are barred, in whole or in part, because RWM intentionally defrauded the U.S. Copyright Office when it: (1) knowingly submitted copyright registration applications for works that lack copyrightable authorship; and (2) knowingly submitted copyright registration applications for compilations and/or published works while falsely representing that the

applications were for a "Group of Unpublished Works" (which may not include compilations or published works under the U.S. Copyright Office regulations).

## SIXTH AFFIRMATIVE DEFENSE
### (Invalid Copyright Registration)

RWM's claims are barred, in whole or in part, to the extent that RWM's purported copyright registration is invalid and/or has not been properly obtained.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

RWM's claims are barred, in whole or in part, by the statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Laches and Unclean Hands)

RWM's claims are barred, in whole or in part, by the equitable doctrines of waiver, acquiescence, estoppel, laches and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (No Damages)

RWM's claims are barred, in whole or in part, because RWM has not sustained any legally cognizable injury or damage as a result of Daily Caller's purported actions.

## TENTH AFFIRMATIVE DEFENSE
### (Limitation of Statutory Damages)

To the extent any infringement is found, RWM's statutory damages, if any, are limited because Daily Caller was unaware and had no reason to believe that its alleged acts constituted an infringement and, therefore, any alleged infringement of RWM's purported copyright was not intentional or willful.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Due Process)

To the extent any infringement is found, RWM's statutory damages, if any, are limited by the Due Process clause of the U.S. Constitution.

## TWELFTH AFFIRMATIVE DEFENSE
### (Limited Number of Works for Statutory Damages)

To the extent that RWM seeks statutory damages, the potential number of works at issue for purposes of statutory damages is limited as RWM's copyrighted works, assuming such copyrights were appropriately granted and not fraudulently obtained, constitute compilations under 17 U.S.C. § 101 *et. seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Daily Caller reserves the right to assert any additional defenses as may be discovered during the conduct of this litigation, and further reserves the right to amend this Answer and assert all such defenses.

## RELIEF REQUESTED

WHEREFORE, Daily Caller prays for judgment as follows:

(a) That the Court award RWM nothing for its claims in the Complaint and dismiss RWM's claim against Daily Caller in their entirety;

(b) That the Court enter judgment that Daily Caller is the prevailing party in this action;

(c) That the Court award Daily Caller its attorneys' fees pursuant to 17 U.S.C. § 505 and all costs;

(d) That the Court award Daily Caller any all other relief to which it is entitled.

DATED: September 25, 2024

/s/ *Lincoln D. Bandlow*
Lincoln D. Bandlow (D.C. Bar No. CA00099)
lincoln@bandlowlaw.com
**Law Offices of Lincoln Bandlow P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310-556-9680
Fax: 310-861-5550

Attorneys for Defendant
THE DAILY CALLER, INC.

## DEMAND FOR JURY TRIAL

Defendant The Daily Caller, Inc. hereby demands a jury trial on all non-equitable issues so triable.

DATED: September 25, 2024

/s/ *Lincoln D. Bandlow*
Lincoln D. Bandlow (D.C. Bar No. CA00099)
lincoln@bandlowlaw.com
**Law Offices of Lincoln Bandlow P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310-556-9680
Fax: 310-861-5550

Attorneys for Defendant
THE DAILY CALLER, INC.